# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JASON E. SKAGGS,

:

    Petitioner,

Case No. 3:11-cv-323

:

    -vs-

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,
Warren Correctional Institution,

:

    Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

Petitioner Jason E. Skaggs brought this habeas corpus action *pro se* under 28 U.S.C. § 2254 to obtain release from his imprisonment in Respondent's custody. Petitioner was sentenced to thirty-four years imprisonment upon his conviction in the Clark County Common Pleas Court on three counts of aggravated vehicular homicide and two counts of aggravated vehicular assault.

The Magistrate Judge recommended dismissal with prejudice on initial review under Rule 4 (Doc. No. 3). Mr. Skaggs moved for a 60-day extension of time to file objections (Doc. No. 4). That motion was only granted in part but Mr. Skaggs assumed he had the full sixty days. When he did not file any objections by November 1, 2011, Judge Black adopted the Report and dismissed the case (Doc. No. 5). Mr. Skaggs then moved for a further extension of time (Doc. No. 7) which the Magistrate Judge construed as a motion to amend the judgment and allowed Mr. Skaggs until December 15, 2011, to file objections (Doc. No. 8). Mr. Skaggs has now done so (Doc. No. 9).

The General Order of Reference for the Dayton location of court permits a magistrate judge

to reconsider decisions or reports and recommendations when objections are filed.

Mr. Skaggs pleads three grounds for relief:

> **Ground One:** The evidence that appellant had a seizure prior to the crash was overwhelming and does not support a finding of recklessness.
>
> **Ground Two:** Appellant was deprived of his right to due process of law under Federal and State Constitutions as a result of misconduct by the prosecution.
>
> **Ground Three:** The trial court erred in its instructions to the jury regarding recklessness to appellant's prejudice.

(Petition, Doc. No. 1-2, PageID 18-21.) Each of these Grounds for Relief was decided on the merits by the Ohio Second District Court of Appeals on direct appeal. *State v. Skaggs*, 185 Ohio App. 3d 752 (2nd Dist. 2010). Because of that decision, this Court's habeas review under 28 U.S.C. § 2254(d)(1) is deferential.

## Ground One: Insufficient Evidence

In his first Ground for Relief, Mr. Skaggs claims his conviction is not supported by sufficient evidence because of the allegedly overwhelming evidence that he had a seizure before the fatal crash.

The court of appeals decision on this, the First Assignment of Error, is quoted in full in the Report (Doc. No. 3, PageID 116-119) and will not be repeated here.

In his Objections, Mr. Skaggs cites extensively to the testimony of Dr. James Moore and Nurse Candy Rinehart as if their testimony supported his position. Nurse Rinehart, who regularly assists and observes epileptic patients, was on the scene shortly after the fatal accident and testified

Mr. Skaggs conduct was not consistent with his having had a seizure. Dr. Moore also testified that the behavior described to him was not consistent with a seizure. There was testimony that post-accident blood work showed he was not taking his anti-seizure medication, but he blames this, without any evidence, on alleged contamination of the blood sample (Objections, Doc. No. 9, PageID 143.) Mr. Skaggs admits he was going 96-98 miles per hour just before the crash, but blames this on the alleged seizure. He ignores the court of appeals finding from the evidence that he was responding to curves and passing people, behavior Dr. Moore said was inconsistent with having had a seizure.

The court of appeals decision was clearly not objectively unreasonable.

## Ground Two

In his Second Ground for Relief, Mr. Skaggs accused the prosecutor of misconduct because the State introduced evidence that Mr. Skaggs was in a state of rage at both a pawn shop and a Rally's restaurant just before the crash. Mr. Skaggs says in his Objections that this was misconduct because both the manager at Rally's and the owner of the pawn shop committed perjury when they said he was angry (Objections, Doc. No. 9, PageID 145). He claims that if they had preserved camera tapes of his interactions, it would have disproved their testimony, but both of them destroyed the tapes "so Mr. Skaggs wouldn't get a hold of them." *Id.* Thus Mr. Skaggs would have this Court believe, on no evidence that he refers to, that two completely independent business people entered into a conspiracy to obstruct justice and commit perjury just to get him convicted. That is not plausible.

**Ground Three**

In his Third Ground for Relief, Mr. Skaggs asserts the trial court committed prejudicial error in its jury instructions on recklessness. The Report declined to reach this claim on the merits because it is purely a question of state law, not of federal constitutional law, what the elements of a crime are and how the jury is to be instructed on those elements.

In his Objections, Mr. Skaggs "contends that it was prejudicial to indicate to the jury that grosly [sic] excessive speed would support a finding of criminal recklessness." (Objections, Doc. No. 9, PageID 146). But there is nothing in the federal Constitution which would prohibit a State from allowing such a finding and in any event the instruction required findings beyond grossly excessive speed.

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 6, 2011.

s/ **Michael R. Merz**  
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).